**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**CHARLES E. BAILEY,**

    **Plaintiff,**

  vs.                                        **Civil Action 2:13-cv-060
JUDGE JAMES L. GRAHAM
Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

Plaintiff Charles E. Bailey appealed the Commissioner's denial of his application for disability insurance benefits. Upon joint motion of the parties, *Joint Motion for Remand,* ECF No. 20, the decision of the Commissioner was reversed and the matter was remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further administrative proceedings. *Order*, ECF No. 22. This Court previously awarded plaintiff an attorney's fee pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $7,300.00. *Order*, ECF No. 26. This matter is now before the Court on the motion for an additional award of attorney's fees pursuant to 42 U.S.C. § 406(b), *Motion for Attorney Fees pursuant to 42 U.S.C. Section 406(b)(1)*, ECF No. 27. Plaintiff specifically asks that his attorney be awarded $ 10,140.00 in past due benefits, reduced by the EAJA award of attorney's fee, for a total of $ 2,840.00.[1] The Commissioner has not responded to the motion. For the reasons that follow, it is

---

[1] Plaintiff's counsel confirms that "the EAJA fees must be [credited] to Plaintiff." *Motion for Award of Attorney's Fees under 42 U.S.C. § 406(b)*, ECF No. 27, PageID# 743 (citing *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002)).

1

**RECOMMENDED** that plaintiff's motion be granted.

Following this Court's judgment of remand, the Commissioner issued a fully favorable decision awarding benefits to plaintiff. *Notice of Award*, ECF No. 27-2; *Notice of Decision – Fully Favorable*, ECF No. 27-3. Plaintiff and his counsel agreed to an attorney fee of 25% of the past due benefits. *Social Security Fee Agreement*, ECF No. 27-1. Attorney's fees under 42 U.S.C. § 406(b) have already been awarded by the Social Security Administration in connection for work performed before that agency. *Attorney Jones Fee Award*, ECF No. 27-4; *Attorney Garris Fee Award*, ECF No. 27-5; *Plaintiff's Attorney's Affidavit and Time Record in Support of Motion for Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b)*, ECF No. 27-7, ¶¶12-14. Plaintiff's attorney now itemizes 50.7 hours of work before this Court. *Itemized Detail of Legal Services Performed in Federal District Court,* ECF No. 27-8; *Plaintiff's Attorney's Affidavit and Time Record in Support of Motion for Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b)*, ECF No. 27-7, ¶19. Plaintiff's counsel also avers that his customary hourly rate is $200 per hour. *Plaintiff's Attorney's Affidavit and Time Record in Support of Motion for Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b)*, ECF No. 27-7, ¶18. The fee requested reflects compensation at the rate of $200.00 per itemized hour of work before this Court, totaling $10,124.00. *Itemized Detail of Legal Services Performed in Federal District Court,* ECF No. 27-8; *Plaintiff's Attorney's Affidavit and Time Record in Support of Motion for Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b)*,

ECF No. 27-7, ¶22. Plaintiff reduces that figure by the amount already awarded under the EAJA, for a net award of $ 2,840.00. *Plaintiff's Attorney's Affidavit and Time Record in Support of Motion for Award of Attorney's Fees pursuant to 42 U.S.C. § 406(b)*, ECF No. 27-7, ¶22.

By statute, a court must award "a reasonable fee . . . not in excess of 25 per cent of the total past-due benefits." 42 U.S.C. § 406(b). A fee award should reflect the purpose of the social security program to provide a measure of economic security to the recipient, the extent and type of legal services provided, the complexity of the case, the level of skill and competence required of the attorney, the amount of time spent on the case, the results achieved, and the level at which the favorable decision was made. 20 C.F.R. §§ 404.925(b); 416.1525(b). A fee agreement between a recipient and his counsel "should be given the weight ordinarily accorded a rebuttable presumption." *Rodriguez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). Deductions are permissible when there is improper conduct or ineffectiveness of counsel or when counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or minimal effort expended in the matter. *Hayes v. Sec'y of Health & Human Servs.,* 923 F.2d 418, 421 (6th Cir. 1990). "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable." *Id.* at 422. In the final analysis, an award must be "reasonable for the services rendered." *Gisbrecht,* 535 U.S. at 807.

Upon consideration of all the appropriate factors, and in light of the Commissioner's determination not to oppose the motion, the

3

Court concludes that the requested fee is reasonable. It does not exceed 25% of the past due benefits, plaintiff signed a fee agreement consistent with the requested fee, the requested fee does not reflect a rate of compensation more than twice the standard rate, and it cannot be said that plaintiff's counsel was ineffective or expended minimal effort in the case. The Court therefore determines that a net award of $ 2,840.00 is a reasonable fee.

It is therefore **RECOMMENDED** that the *Motion for Attorney Fees pursuant to 42 U.S.C. Section 406(b)(1)*, ECF No. 27, be **GRANTED** and that plaintiff's counsel be **AWARDED** a net attorney's fee of $ 2,840.00.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations

4

constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)). Filing only "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

        *s/Norah McCann King*
        Norah McCann King
        United States Magistrate Judge

September 20, 2018